UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NERY JOSE MARTINEZ CASTELLANOS,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

Case No. 2:26-cv-1588-ART-CSD

ORDER GRANTING HABEAS PETITION
(ECF No. 9)

Petitioner Nery Jose Martinez Castellanos, an immigration detainee in Henderson Detention Center, brings this action against Respondents in habeas. He seeks release on the basis that his indefinite post-removal order detention is unconstitutional and unlawful, and that any third country removal under DHS's procedures would be unconstitutional and unlawful. (ECF No. 9.) The Court now grants the habeas petition.

## I. Background

Mr. Martinez Castellanos came to the United States with his mother in early 2014, when he was 14 years old. (ECF No. 9-3.) Upon crossing the border, he was arrested by federal immigration authorities and released with a Notice to Appear in nondetained removal proceedings. (*Id.*) Later that same year, he was ordered removed and simultaneously won withholding of removal to his home country of Honduras. (ECF No. 9-4.) The parties agree that he did not appeal his removal order. (*Id.*)

Mr. Martinez Castellanos lived at liberty in the United States for over twelve years. On May 3, 2026, he was pulled over while driving and detained by state

authorities. State officials alerted DHS, which obtained an I-205 administrative warrant of removal. (ECF No. 11-1 at 13.) He was taken from pretrial custody into DHS custody on May 4, 2026. (ECF No. 9-3.) On May 5, 2026, an ICE officer instructed Mr. Martinez Castellanos to sign a document notifying him of intended removal to Mexico. (ECF No. 11-1 at 20.) Mr. Martinez Castellanos, who is not Mexican, refused to sign it. (*Id.*) Immigration and Customs Enforcement subsequently served him with a notice alleging that he had failed to comply with his order of removal, and that he would be detained until he cooperated with the Government's efforts to remove him. (ECF No. 9-3.)

**II. Mr. Martinez Castellanos is entitled to immediate release.**

At the hearing on Mr. Martinez Castellanos's habeas petition, counsel for the Government conceded that federal authorities only had authority to detain Mr. Martinez Castellanos if there was significant likelihood of his removal in the reasonably foreseeable future. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); *see also Berhe v. Mattos*, 827 F. Supp. 3d 1366, 1374 n.7 (D. Nev. 2026).

In *Zadvydas*, the Supreme Court put the burden on the petitioner to establish that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* If a petitioner can make this showing, the burden shifts to the Government to rebut it with sufficient evidence. *Id.*

Petitioner meets his initial burden. His I-213, dated the day after he was taken into federal custody, states that he was detained because the "possibility of obtaining a third country removal inquiry should be attempted," suggesting removal was a mere speculative possibility at that time. (ECF No. 9-3 at 5.) His only country of citizenship is Honduras, and he cannot be removed to Honduras because of his grant of withholding. The only third country to which DHS had taken efforts to remove Petitioner was Mexico, and Petitioner could not be removed to Mexico on account of his refusal to go. Petitioner submitted a

declaration executed by a deportation officer stating that the Mexican government would not resettle individuals who refused to willingly go to Mexico. (ECF No. 12-1.)

The Government fails to rebut Petitioner's showing. It has presented no argument or evidence that it has taken steps to effectuate Petitioner's removal to a country that would accept him. "Courts in this circuit have regularly refused to find respondents' burden met where respondents have offered little more than generalizations regarding the likelihood that removal will occur." *Barka v. Mattos*, No. 2:25-CV-01781-GMN-MDC, 2025 WL 3723998, at *6 (D. Nev. Dec. 23, 2025); *see also G.A.A. v. Chestnut*, No. 1:25-cv-01102-EPG-HC, 2025 WL 3251316 (E.D. Cal. Nov. 21, 2025). Where the Government argues that it is working to effectuate removal, district courts have looked for specific details about what country the petitioner may be removed to, what communications DHS may have had with that country, or what developments have occurred to make DHS believe that removal is foreseeable. *Sarkisov v. Blanche*, No. 2:25-CV-02321-JAD-DJA, 2026 WL 949019, at *4 (D. Nev. Apr. 8, 2026); *see also Bunnell v. Noem*, No. 2:25-CV-02259-GMN-EJY, 2025 WL 3707588, at *4 (D. Nev. Dec. 22, 2025). The Government has argued that Petitioner's removal to Mexico is reasonably foreseeable. At the same time, the Government conceded that Mexico will not accept Mr. Martinez Castellanos because he does not want to go. There is no evidence and there has been no argument that the Government has taken steps to obtain Mr. Martinez Castellano's travel documents, identify another potential third country and contact its diplomatic officers, or otherwise taken concrete actions to secure Mr. Martinez Castellanos's removal. Removal is not reasonably foreseeable to Mexico or to any other country.

**III. Mr. Martinez Castellanos is entitled to injunctive relief against third country removal without due process.**

Mr. Martinez Castellanos asks for an injunction against what he says is an unlawful, summary third country removal procedure that violates the INA and due process. Although Mr. Martinez Castellanos addressed his request for injunctive relief against third country removal without due process in his petition, his reply, and at the hearing, the Government has made no opposition.

Constitutionally, noncitizens are entitled to notice and an opportunity to be heard on fear-based relief before they are removed to a third country. The Supreme Court, the Ninth Circuit, and numerous district court orders from within the Ninth Circuit all confirm this right. "It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings. So, … detainees are entitled to notice and opportunity to be heard appropriate to the nature of the case." *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025) (cleaned up). In the context of third-country removals, non-citizens "must receive notice" that "they are subject to removal," and such notice must be provided "within a reasonable time and in such a manner as will allow the[] [non-citizen] to actually seek . . . relief." *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (quoting *id.*); s*ee also Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 348 (2005); *Najjar v. Lynch*, 630 F. App'x 724, 724 (9th Cir. 2016) (unpublished). The Ninth Circuit has held that people subject to removal must be notified specifically of their right to apply for fear-based relief. "Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both [] regulations and the constitutional right to due process," *Andriasian v. INS*, 180 F.3d 1033, 1041 (9th Cir. 1999).

DHS has adopted a third country removals policy that Petitioner says announces the Government's intention to violate noncitizens' due process rights to notice and an opportunity to be heard. DHS's policy is set forth in a March 30,

2025 memo and July 9, 2025 directive. (ECF Nos. 9-6, 9-7.) The memo and the directive establish that DHS policy is the following:

1. If a country has provided diplomatic assurances that people removed from the United States will not be persecuted or tortured there, and the United States government believes that the assurances are credible, a noncitizen may be removed to that country "without the need for further procedures."
2. If a country has not provided such assurances, the person who the government seeks to remove will be told of removal, but will not be asked if they are afraid of being removed. Only if that person affirmatively states a fear of removal will officers refer them to USCIS for a screening to determine if they might meet the standard for withholding of removal or protection under the Convention Against Torture. At that point, they may be referred or re-referred to immigration court, or ICE may choose to designate another country for removal, starting the process over again.

Numerous decisions from this district and other districts have persuasively reasoned that DHS's third country removal policy violates the constitutional requirements of notice and an opportunity to be heard, whether DHS seeks to remove a noncitizen to a country that provides assurances of protection or a country that does not.

> It is abundantly clear that the first third-country-removal option—immediate deportation without notice so long as the accepting country gives generalized assurances that it will not torture anyone—doesn't provide adequate due process to a noncitizen who may be removed to that country. Notice, let alone an opportunity to be heard, is not available to a noncitizen in that situation. And ICE's second scheme doesn't fare much better. Though the policy requires notice, it may be given in as little as six hours before the noncitizen's removal, and that notice explicitly does not advise the noncitizen that he may seek withholding, deferral, asylum, or other protections if he fears removal to that third country. Even if the noncitizen knows to affirmatively state a fear of removal, the policy does not afford him a hearing of any kind unless a USCIS officer determines,

> through a mystery process, that the noncitizen would be likely to prove that any of those protections applies. So this process does not comport with the fundamental requirements of due process.

*Partovi v. Bondi*, No. 2:25-CV-02283-JAD-DJA, 2026 WL 1097162, at *5–6 (D. Nev. Apr. 21, 2026); *Sarkisov*, 2026 WL 949019, at *7; *see also Guerra v. Blanche*, No. 2:26-CV-00498-GMN-MDC, 2026 WL 949027, at *4 (D. Nev. Apr. 7, 2026) (granting facial challenge to DHS policy); *Nguyen v. Scott,* 796 F. Supp. 3d 703, 729 (W.D. Wash. 2025) (same); *Vu v. Noem*, 2025 WL 3114341, at *9 (E.D. Cal. Nov. 6, 2025) (same)

Because he faces third country removal without due process, Mr. Martinez Castellanos is entitled to an injunction ordering the Government to comply with the Constitution.

## IV. Conclusion

It is hereby ordered that the Amended Petition for Writ of Habeas Corpus (ECF No. 9) is GRANTED. Petitioner's continued detention violates the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(6), and the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

It is further ordered that Petitioner must be RELEASED from Henderson Detention Center ON PERSONAL RECOGNIZANCE on Friday, August 7, 2026, between the hours of 12:00 and 3:00 p.m. Counsel for Petitioner (or their designee/agent) will be permitted to wait in the public areas of the detention center during the release window.

It is further ordered that Respondents are ENJOINED from removing Petitioner to any third country without providing him and his counsel with adequate notice of intent to seek removal to a third country and due process in the form of providing him a reasonable opportunity to reopen immigration court proceedings to seek fear-based relief from removal, with a hearing before an immigration judge.

It is further ordered that Respondents are ENJOINED from re-detaining Petitioner absent proof of changed circumstances making his removal reasonably foreseeable.

It is further ordered that the parties must FILE a Joint Status Report no later than August 14, 2026, to certify compliance with the Court's order.

DATED: August 6, 2026

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE